Dara Realty Associates, LLC, Respondent,
against
Simko Musheyev and Lyudmila Musheyev, Occupants, and Albert Musheyev, Appellant.



Appeal from a final judgment of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered July 21, 2014. The final judgment, insofar as appealed from, after a nonjury trial, awarded landlord possession, arrears and attorney's fees as against Albert Musheyev in a nonpayment summary proceeding.




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
Landlord commenced this commercial nonpayment proceeding to recover possession of a parking space, arrears and attorney's fees. After a nonjury trial, the Civil Court awarded landlord possession, arrears in the sum of $854.34 and attorney's fees.
There is a threshold question, not addressed by the Civil Court, as to the nature of occupants' interest in the parking space. Occupants are tenants in a rent-stabilized apartment. Their interest in the parking space was initially granted to them by a modification, dated October 30, 1990, of their rent-stabilized lease, which modified the lease "to add a parking space to the lease." The agreement provided that "landlord hereby grants to Tenant and Tenant hereby hires from landlord" parking space number 24 at an agreed "annual rental," and that landlord had "the right to change the space assigned to Tenant upon five (5) days prior written notice." In our view, notwithstanding some of the language in the lease modification, including the word "rental," occupants' interest in the parking space was actually a license, not a lease, as the fact that landlord had the right to change the space at will indicates that occupants were not given a possessory interest in a particular parking space (see 1 Robert F. Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 4:11 [4th ed 1998]). A nonpayment proceeding does not lie against a licensee, as such a proceeding must be founded on a landlord-tenant relationship (see RPAPL 711 [2]; 329 Union Bldg. Corp. v LoGiudice, 47 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015], and cases cited therein). 
We note that, even were it to be found that the lease modification created a landlord-tenant relationship with respect to the parking space, landlord could not maintain a separate summary proceeding to recover the parking space, as there would be only a single lease for the [*2]apartment and parking space. A nonpayment proceeding functions to terminate a lease upon the issuance of a warrant (RPAPL 749 [3]), and a single lease cannot be terminated in parts. Here, landlord has commenced separate nonpayment proceedings to recover the apartment and the parking space (see Dara Realty Assoc., LLC v Musheyev, Misc 3d , 2016 NY Slip Op [appeal No. 2014-1469 Q C], decided herewith).
While only Albert Musheyev has appealed, since occupants are united in interest, the petition must be dismissed as against all of them (see Oakwood Terrace Hous. Corp. v Monk, 50 Misc 3d 141[A], 2016 NY Slip Op 50198[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016], and cases cited therein).
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 23, 2016